(104 So. 922)

McCUTCHEN v. STATE. (6 Div. 426.) (Court of Appeals of Alabama. April 21, 1925.) Rehearing Denied May 19, 1925.) Appeal from Circuit Court, Walker County; Ernest Lacy, Judge. Joe McCutchen was convicted of manslaughter in the first degree, and he appeals. Affirmed. Certiorari denied by Supreme Court in Ex parte McCutchen, 104 So. 917. Witness Dr. Terry testified that he attended the deceased after he was shot; that, while his wounds were being dressed, deceased stated to the witness that he was "badly shot," was "done for"; that he had been shot by defendant, but did not know why he was shot. Charges A and C, refused to defendant, are as follows: "A. I charge you that, if you believe from the testimony that the deceased had more than once threatened to take the life of defendant and in his presence, the defendant had a right to believe that the deceased would carry out his purpose, and he had a right to arm himself for the purpose of preventing deceased from killing him or doing him serious bodily harm." "C. I charge you, gentlemen of the jury, that the defendant, Joe McCutchen, had a right to arm himself for the purpose of defending himself in case of attack by deceased, if you believe from the testimony that the deceased had told defendant that he would kill him, and under the appearance of things you believe that he acted

with reasonable prudence, and if under such circumstances, and considering the testimony, you believe he acted as any prudent and sane person would have done under similar circumstances."

Chas. H. Fanning, of Dora, for appellant. Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel on original hearing did not reach the Reporter.

RICE, J. The defendant was indicted for the offense of murder in the second degree, convicted of manslaughter in the first degree, and he appeals. Very few exceptions are presented, and we cannot see that a statement of the facts would be beneficial. The exceptions reserved on account of the admission of the testimony of Dr. L. L. Terry are all, in our opinion, without merit. It is true that dying declarations, in order to be admissible, must be made when the party making them has the realization and solemn sense of impending death, when the motive for falsehood may be presumed to have been lost in the despair of life. But we think a proper predicate was laid in the instant case, and the circumstances of which bring it within the influence of Patterson v. State, 171 Ala. 2, 54 So. 696, and the cases therein cited. If this be not so, however, we are of the opinion, from the whole record, that the defendant was not, and could not have been, prejudiced by any of the statements admitted. The other exceptions reserved to the rulings of the court in the admission or rejection of testimony have each been critically examined, and we find no error, prejudicial to the defendant, in any of the said rulings. As the question raised by each of said exceptions involves only elementary legal principles, we have not thought it incumbent upon us to discuss same in detail. There is no merit in the exceptions reserved to portions of the trial court's oral charge. Charge A, requested in writing by the defendant, does not state a correct proposition of law, and was properly refused. In addition, the said charge is abstract and misleading. Charge B is fully and fairly covered in the very accurate and comprehensive oral charge of the court. Its refusal was without error. Charge C is involved, and does not clearly state any proposition of law. Its refusal was proper. We have carefully examined the entire record, without the aid, it is true, of a brief on behalf of either the state or the defendant, and it is our opinion that no error prejudicial to any right of the defendant intervened in his trial. Accordingly the judgment of conviction appealed from is affirmed. Affirmed.